**UNITED STATES of America,**
**Plaintiff-Appellee,**
v.
**James Lee KING, Defendant-Appellant.**
**No. 27996.**

United States Court of Appeals,
Fifth Circuit.
April 30, 1970.

**1164**

Guy B. Scott, Jr., Athens, Ga., for defendant-appellant.

Walker P. Johnson, U. S. Atty., D. L. Rampey, Jr., Asst. U. S. Atty., Macon, for plaintiff-appellee.

Before SIMPSON, MORGAN and INGRAHAM, Circuit Judges.

PER CURIAM:

Appellant appeals from a conviction under the Dyer Act, 18 U.S.C. § 2312, contending that the court below erred in failing to grant judgment of acquittal because the Government did not present substantial evidence that the car in question had been stolen. We affirm.

■ There are three elements under this section of the Dyer Act which the Government must prove beyond a reasonable doubt: (1) the vehicle was "stolen", (2) the defendant transported it in interstate commerce, and (3) the defendant had knowledge that it was "stolen". Dixon v. United States, 8 Cir., 1961, 295 F.2d 396. From the evidence presented by the Government on each of the elements, it is clear that the jury could have justifiably concluded beyond a reasonable doubt that the appellant was guilty.

■ First, the Government proved by direct and substantial evidence that the vehicle was "stolen". This Court, in Webb v. United States, 5 Cir., 1966, 369 F.2d 530, following United States v. Turley, 1957, 352 U.S. 407, 416, 77 S.Ct. 397, 402, 1 L.Ed.2d 430, 436, has given a broad meaning to the word "stolen" and has held that the Dyer Act crime is not restricted to the Common Law meaning of larceny. All that need be shown under the Webb test is that the rights of ownership were in another person and the defendant intended to deprive that person of his ownership. The Government here proved that the ownership of the car was in one Willis, of Illinois, at the time when appellant was asserting ownership in Georgia. The Government also showed that the vehicle had been "straight-wired" and that the appellant had represented to two repairmen in Georgia that the vehicle was "his". These facts, coupled with appellant's possession in Athens, Georgia, were sufficient evidence upon which the jury could find that the appellant intended to deprive Willis of ownership and that the vehicle was, therefore, "stolen."

Second, the vehicle was owned and possessed by Willis in Illinois and it subsequently appeared in appellant's possession in Georgia. Thus, it is clear that the vehicle was transported in interstate commerce.

As to the third requisite of the Dyer Act, that the defendant have knowledge that the vehicle was stolen, there was sufficient evidence introduced by the Government from which the jury could reasonably infer that appellant had knowledge that the vehicle was stolen. Battles v. United States, 5 Cir., 1968, 388 F.2d 799; Burke v. United States, 8 Cir., 1968, 388 F.2d 286.

Having introduced sufficient evidence on all three requisites of the Dyer Act, the Government has sustained its burden and appellant's request for acquittal was properly denied.

Affirmed.