**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Franklin JOHNSON, a/k/a Franklin O'Neil Johnson, James Earl Jackson, Defendant-Appellant.**

No. 71–1985
Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Jan. 11, 1972.

---

\* Rule 18, 5th Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of N. Y., 431 F.2d 409, Part I (5th Cir. 1970).

Edmund M. Thomas, Shreveport, La. (court appointed), for defendant-appellant.

Donald E. Walter, R. Perry Pringle, Asst. U. S. Attys., Shreveport, La., for plaintiff-appellee.

Before THORNBERRY, MORGAN and CLARK, Circuit Judges.

CLARK, Circuit Judge:

Johnson was convicted in the court below of transporting in interstate commerce a stolen motor vehicle on or about July 1, 1969, knowing the same to have been stolen, in violation of 18 U.S.C.A. § 2312. He appeals for the reason that during the course of the trial the government, over objection, was permitted to introduce into evidence and read to the jury, the complete text of two judgments of conviction previously obtained against him. One judgment was rendered May 23, 1966, and the other was entered on October 26, 1967. Both convictions were designated as being for the felony of "theft"; both documents stated that Johnson had prior unspecified felony convictions; and one additionally described Johnson as an habitual criminal. Neither document, nor any other evidence adduced, showed the dates on which either theft occurred. Because of the obviously prejudicial nature of this evidence, and the fact that its relevance to the crime with which Johnson was charged was tenuous at best, its admission was harmful, reversible error.

This case calls upon us to judge the proper application of the general

rule recognized in this circuit[1] that in a criminal case, "the prosecution may not introduce evidence of other criminal acts of the accused unless the evidence is *substantially relevant* for some other purpose than to show a probability that he committed the crime on trial because he is a man of criminal character." (Emphasis supplied.) C. McCormick, Handbook of the Law of Evidence § 157 at 327 (1964). Any other rule would leave the courts powerless to control a jury's natural tendency to vote to convict a "bad man" of any charge lodged against him, once it has heard evidence of his criminal record. The exceptional situations wherein evidence of prior convictions has been held to meet this test of being "substantially relevant" to the crime being tried are several, *e. g.*, where the previous conduct shows a consistent pattern or scheme, United States v. Hayes, 444 F.2d 472 (5th Cir. 1971); United States v. Mancuso, 444 F.2d 691 (5th Cir. 1971), or shows a similarity of method, United States v. Jackson, 451 F.2d 259 (5th Cir. 1971) or shows a specific intent or knowledge, United States v. Wilson, 451 F.2d 209 (5th Cir. 1971); United States v. Clifton, 447 F.2d 970 (5th Cir. 1971); or where subsequent conduct shows an attempt to avoid punishment for the present crime, United States v. Fischetti, 450 F.2d 34 (5th Cir. 1971), or shows that another crime was committed to aid in the execution of the present one, United States v. Moseley, 450 F.2d 506 (5th Cir. 1971). In each of those cases, the fact that the defendant had committed some other crime was in itself of such probative value in establishing some specific element or elements of the crime presently charged, that the court was willing to risk the very real possibility that the jury might make an improper—if not unconstitutional—use of such evidence. Here, there was no similar basis for hazarding such a risk.

The lower court, being of the opinion that the theft convictions came within the "specific intent or knowledge" exception to the rule prohibiting evidence of other crimes, admitted them over defendant's objections (1) that no proper foundation had been laid showing that the nature and time of the acts involved demonstrated a close relation to the present charge, and (2) that the defendant was not on trial for the crime of theft. At the time the documents were put in, the court told the jury:

> An essential ingredient is theft and knowledge of theft. . . . The jury will not consider these documents as proof of guilt in this case, but you may consider it in determining whether or not he had the necessary criminal intent as we will charge you in our general charge and only for that purpose.

> In other words, you cannot convict him simply on these prior convictions but *the element of theft is an essential ingredient of the violation of the law involved herein,* namely, interstate transportation of a stolen vehicle knowing that it was stolen. (Emphasis supplied.)

Then, after establishing before the jury that the defendant did not intend to testify in his own behalf, the court concluded:

> The only purpose and sole purpose for admitting it is to show a course of conduct reasonably near in point of time to the time alleged in this indictment of a crime of a reasonably similar nature to show he, indeed, possessed the necessary one element of the crime, and that is criminal intent. That is the purpose, and you will give it no other construction.

These remarks, which the judge obviously intended to be limiting, may well have

---

1. United States v. Boyd, 446 F.2d 1267 (5th Cir. 1971); United States v. McGlamory, 441 F.2d 130 (5th Cir. 1971); United States v. Pittman, 439 F.2d 906 (5th Cir. 1971.)

had the opposite effect in the setting of the instant case. They served to increase, rather than to lessen, the danger that the jury would misuse the prior conviction evidence by leaving the way clear for them to suppose that he may have been the one who stole the car and that "if he stole twice before, he'd steal again." But theft by the defendant is not an element of the crime defined by § 2312.[2] To admit prior theft convictions upon the supposition that they tend to show a course of conduct from which the jury could infer a general criminal intent to prove a transportation of stolen goods charge, not only was confusingly at variance with the theory that theft was not an element of the crime charged, but also would allow the intent exception to swallow up the rule forbidding evidence of a criminal record. The fact that this man was twice convicted of some wholly unknown type of theft at some unestablished prior time constitutes no proof whatever that he transported this car in commerce with knowledge that it had been stolen unless one indulges in the forbidden once-a-thief-always-a-thief assumption. Transportation with guilty knowledge is the only intent element involved in a § 2312 violation. United States v. King, 425 F.2d 1163 (5th Cir. 1970); Moody v. United States, 377 F.2d 175 (5th Cir. 1967).

The court's final instructions on intent further accentuated the error, since these convictions supplied a major part of the circumstantial evidence of intent. (Testimony of two witnesses as to the defendant's possession of the stolen automobile in question, with its accompanying permissible inference of knowledge it was stolen, was the only other proof adduced related to this issue.) The pertinent parts of the charge were as follows:

> The Court has admitted here as evidence in this case two prior convictions of theft by this defendant in the state courts of Texas. That was admitted, as we told you at the time, not for the purpose of proving guilt on the charge involved in this case but simply as *evidence of a course of conduct on his part which would aid you in determining whether or not he had criminal intent* in violating the law on the question here.
>
> Intent may be proved by circumstantial evidence. It rarely can be established by any other means. While witnesses may see and hear and thus be able to give direct evidence of what a defendant has done, there can be no eyewitness account of the state of mind with which the act was done. But what a defendant has done or failed to do may indicate intent or lack of intent to commit the crime charged.
>
> *In determining the issue as to criminal intent, the jury is entitled to consider any statements made or acts done or not done by the accused, and all facts and circumstances in evidence* which may aid in determination of state of mind. (Emphasis supplied.)

■ The case at bar is unlike a previous § 2312 case decided by this court, United States v. Mancuso, 423 F.2d 23 (5th Cir. 1970). In *Mancuso*, the defendant testified in his own behalf and admitted that he was the person who originally acquired the vehicle involved from its rightful owner. In the case before us now, the defendant, Johnson, did not take the stand. There was no proof whatsoever as to who took the auto from its owner. Thus, the scope of proper "other crime" evidence was strictly limited to crimes which bore *substantial relevance* to Johnson's action in transporting a car known to have been stolen. In *Mancuso* the proof disclosed that Mancuso's acquisition involved the use of a bogus check. The court's allowance of proof of prior convictions for fraud and

---

2. The government so informed the jury in its opening statement, and the court so instructed the jury at the close of the case.

false pretenses was undeniably substantially relevant to the procedure by which the defendant got the car he transported, which also made it relevant to show he transported it with personal knowledge it was property which had been feloniously acquired. We hold Johnson's situation to be much more akin to United States v. Stallings, 437 F.2d 1057 (5th Cir. 1971), another § 2312 prosecution in which the defendant did not testify in his own behalf. In *Stallings*, the government was permitted to introduce evidence that the defendant had escaped from a penal institution the day before the alleged Dyer Act violation occurred. This evidence was admitted on the theory that the jury might infer that Stallings committed the interstate transportation offense to make good his other crime, the escape. This Court concluded that since the prejudicial effect of this evidence was so far outweighed by any *proper benefit* the prosecution could derive therefrom, the conviction had to be reversed. The relationship between the crime charged here (knowing transportation of stolen property) and the evidence of previous convictions is even more indefinite and remote than that excluded in *Stallings*.[3] *A fortiori*, we must require a new trial without the introduction of the prejudicial factor which these convictions added to the case at bar.

No man should be convicted of a crime on the basis of evidence which shows nothing more than that he has offended against the law in the past. Evidence of prior convictions can only be used when it tends to prove present guilt of an element of the specific offense then being tried. In any case of a man with a criminal record, a less than rigid application of this rule would so seriously erode the presumption of innocence as to deny him a fair trial.

Reversed and remanded.

3. *See* Devore v. United States, 368 F.2d 396 (9th Cir. 1966); *cf.* United States v. Cerullo, 435 F.2d 142 (5th Cir. 1970).