**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Olga VALDIVIESO and Oscar Valdes,**
**Defendants-Appellants.**

**No. 73–2359**
**Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

Nov. 2, 1973.

* Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir., 1970, 431 F.2d 409, Part. I.

**546**

Albert Carricarte, Miguel A. Suarez, Miami, Fla., for defendants-appellants.

Robert W. Rust, U. S. Atty., Samuel Shines, U. S. Dept. of Justice, Miami, Fla., for plaintiff-appellee.

Before JOHN R. BROWN, Chief Judge, and DYER and SIMPSON, Circuit Judges.

PER CURIAM:

Oscar Valdes and his daughter, Olga Valdivieso, appeal their jury verdicts of conviction on four counts of conspiring to violate federal narcotics laws and committing overt acts of knowingly and intentionally possessing and distributing 20 grams of cocaine in violation of 21 U.S.C.A. § 841(a)(1). Appeal is based on claims of insufficiency of the evidence, improper admittance of the cocaine into evidence, and denial of due process based on Mr. Valdes' inability to speak English. We find no merit to these claims and affirm.

The appellants were convicted with Olga's husband, Ismael Valdivieso, and a fourth co-defendant, Hermes Ramierez-Medina. The convictions were based on sales of cocaine to an undercover federal narcotics agent, Gerado Vasquez. Ismael Valdivieso was separately charged and found guilty of selling Agent Gerado 103.5 grams of cocaine on January 3, 1973. Agent Gerado testified that he thereafter went to the Valdivieso apartment five times in the months of January and February to arrange for additional sales. During his visits to the Valdivieso apartment, Gerado met both appellants and on February 13, 1973 he negotiated with and received from the appellants 20 grams of cocaine. The cocaine was entered into evidence as Government-Exhibit No. 2 without any objection on the part of the appellants.

The jury accepted the testimony of Agent Gerado and determined that there was sufficient evidence on which to find the appellants guilty as charged. In reviewing a jury finding on appeal, we must consider the evidence in a light most favorable to the Government, and in this case we conclude that there was sufficient evidence to support the jury verdict. Glasser v. United States, 1940, 315 U.S. 60, 80, 62 S.Ct. 457, 86 L.Ed. 680.

As to the admission of the cocaine as Government-Exhibit No. 2, the appellants' failure to raise a timely objection proves fatal to their challenge. When no objection is made at trial, we may only reverse on a finding of plain error, Rule 52(b) Fed.R.Crim.Pro., which the record does not show to exist. Pinkney v. United States, 5 Cir., 1967, 380 F.2d 882, 885–886, cert. denied, 1968, 390 U.S. 908, 88 S.Ct. 831, 19 L.Ed.2d 876; Sykes v. United States, 5 Cir., 1966, 373 F.2d 607, cert. denied, 386 U.S. 977, 87 S.Ct. 1172, 18 L.Ed.2d 138.

We find no denial of due process in Mr. Valdes' claim that he could not understand the proceedings or assist his attorney due to his inability to speak English. Mr. Valdes had the aid of an interpreter prior to and during the trial. It seems evident that Mr. Valdes was properly provided with means through which he could adequately understand and participate in the proceedings.

Affirmed.