489 F.2d 256
 UNITED STATES of America, Plaintiff-Appellee,
v.
Leroy BAITY, Defendant-Appellant.
No. 73-2103 Summary Calendar.*
*Rule 18, 5th Cir.; See Isbell Enterprises, Inc.
v.
Citizens Casualty Co. of New York, et al., 5th Cir., 1970,
431 F.2d 409.
 United States Court of Appeals, Fifth Circuit.
 Dec. 26, 1973.
 
 Daniel V. O'Brien, St. Louis, Mo., court appointed for defendant-appellant.
 John W. Stokes, Jr., U.S. Atty., E. Ray Taylor, Jr., Asst. U.S. Atty., Atlanta, Ga., for plaintiff-appellee.
 Before BELL, GODBOLD and GEE, Circuit Judge.
 PER CURIAM:
 
 
 1
 The ramifications of dwindling oil reserves spread insidiously to the most unrelated areas. Here two transplanted Missourians ran a loan, collateralized by virtually dried up Texas oil wells, through the Bank of Acworth, Georgia. Baity, the recipent of the loan, was convicted on one count of violating 18 U.S.C.A. 2314[1] (interstate transportation of more than $5,000, knowing the money to have been taken by fraud) and one count of violating 18 U.S.C.A. 1014[2] (furnishing a fraudulent financial statement to a bank insured by the FDIC). The district court sentenced him to concurrent terms of two years imprisonment on the first count and five years imprisonment on the second. Baity contends that the district court should have granted a motion for acquittal on count two and that it was prejudicial error to admit testimony of his companion's previous guilty plea to another charge.[3] We affirm.
 
 
 2
 Baity, in cahoots with his friend and business associate, Jim Carlisle (who had conveniently obtained the position of vice president of the Bank of Acworth after Baity's and Carlisle's previous venture in St. Louis went bankrupt), purported to assign the oil runs from and pledge the equipment located on some Texas oil wells in exchange for a $42,500 loan from the bank.[4]
 
 
 3
 Carlisle had not obtained the approval of the bank's Board of Directors for the loan, but, after the bank sent the $42,500 by check to an oil company in Louisiana (at Baity's instructions), Carlisle and Baity collaborated on a financial statement which grossly exaggerated the value of the assets of Baity's front corporation. Carlisle filed the statement in the bank's loan folder on Baity.
 
 
 4
 In attacking the conviction under the 18 U.S.C.A. 1014 count, Baity contends that because he did not furnish the false financial statement until after the bank made the loan it could not have been intended to influence the bank in that connection. Baity misreads the statute. Section 1014 requires the intent to influence
 
 
 5
 'in any way the action of . . . (an FDIC insured bank) . . . upon any application . . ., commitment, or loan, or any change or extension of any of the same, by renewal, deferment of action or otherwise, or the acceptance, release or substitution of security therefor . . ..'
 
 
 6
 The government presented sufficient evidence for the fact finder to conclude that Baity intended to influence the bank's action in at least one of the listed respects, United States v. Goberman, 458 F.2d 226 (3rd Cir. 1972).
 
 
 7
 Baity does not attack directly his conviction under the 2314 count, but contends that the district court committed prejudicial error in allowing the government to elicit from Carlisle evidence of Carlisle's guilty plea to entering a false financial statement-- based on the false statement Baity gave Carlisle-- in the bank records.
 
 
 8
 Baity made no objection to this matter, either when Carlisle testified or when the prosecutor briefly mentioned it during final argument. In the absence of objection, we are limited to reviewing the issue under the plain error standard. F.R.Crim.P., Rule 52(b); United States v. Valdiviesco, 486 F.2d 545 (5th Cir. 1973); Pinkney v. United States, 380 F.2d 882 (5th Cir. 1967). On examination of the record we cannot say that Baity's substantial rights were prejudiced.
 
 
 9
 Affirmed.
 
 
 
 [1]
 18 U.S.C.A. 2314 provides in pertinent part:
 'Whoever transports in interstate or foreign commerce any goods, wares, merchandise, securities or money, of the value of $5,000 or more, knowing the same to have been stolen, converted or taken by fraud; or 'Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, transports or causes to be transported, or induces any person to travel in, or to be transported in interstate commerce in the execution or concealment of a scheme or artifice to defraud that person of money or property having a value of $5,000 or more; or . . . 'Shall be fined not more than $10,000 or imprisoned not more than ten years, or both.'
 
 
 [2]
 18 U.S.C.A. & 1014 provides in pertinent part:
 'Whoever knowingly makes any false statement or report, or willfully overvalues any land, property or security, for the purpose of influencing in any way the action of . . . any bank the deposits of which are insured by the Federal Deposit Insurance Corporation, . . . upon any application, advance, discount, purchase, purchase agreement, repurchase agreement, commitment, or loan, or any change or extension of any of the same, by renewal, deferment of action or otherwise, or the acceptance, release, or substitution of security therefor, shall be fined not more than $5,000 or imprisoned not more than two years, or both.'
 
 
 [3]
 Carlisle had previously pleaded guilty to making a false entry in the bank record while an employee of a bank, one count of a four-count, separate indictment involving transactions with Baity and other activities of Carlisle while vice president of the Bank of Acworth
 
 
 [4]
 Baity and Carlisle had run three other loans through the bank, which were collateralized by false or worthless certificates of origin or travel trailers, an improperly registered automobile title, and an unfilled promise to assign Louisiana oil well production and to pledge the oil field equipment. On all four loans, the bank lost a total of $88,000. The government failed to charge Baity for some of those offenses and the district court dismissed the others