**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Deloras SMITH, Allen Thomas, and Whitney McZeal, Defendants-Appellants.**

**No. 73-3930.**

United States Court of Appeals, Fifth Circuit.

Nov. 21, 1974.

Ross Scaccia, New Orleans, La. (Court-appointed), for Smith.

Arthur L. Harris, Sr., New Orleans, La., for Thomas and McZeal.

Gerald Gallinghouse, U. S. Atty., Cornelius R. Heusel, Mary Williams Cazalas, Asst. U. S. Attys., New Orleans, La., for plaintiff-appellee.

Before BROWN, Chief Judge and AINSWORTH and DYER, Circuit Judges.

DYER, Circuit Judge:

Thomas, McZeal, and Smith appeal from their jury convictions for conspiracy to possess with intent to distribute, and to distribute heroin in violation of 21 U.S.C.A. § 846. We affirm.

All appellants contest the sufficiency of the evidence used to convict them. Viewing the evidence and the reasonable inferences to be drawn therefrom in the light most favorable to the government, Glasser v. United States, 1942, 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680, we conclude there was abundant evidence to support appellants' convictions. In addition to witnesses who related street sales of narcotics involving certain of the conspirators, unindicted co-conspirators Coleman and Morgan testified to numerous occasions on which they had carried large quantities of heroin to New Orleans and Mobile, Alabama, and, upon notifying a contact in Baltimore of their safe arrival, were met by one of the appellants to accept delivery. Upon this evidence, we are fully satisfied that the jury was entitled to find each appellant guilty beyond a reasonable doubt of the offense charged.

Thomas and McZeal also claim their trial was tainted by the admission of evidence of prior criminality. Specif-

ically, the government called one Hill, who testified to a series of heroin purchases both during the pendency of the conspiracy and in the previous year. While proof of criminal acts occurring outside the period of the indictment is ordinarily inadmissible, such evidence may be admitted when it is substantially relevant to an element of the offense being tried. United States v. Johnson, 5 Cir. 1972, 453 F.2d 1195, 1197. Here, Hill's testimony tended to show the joint efforts of Thomas and McZeal in a continuing scheme for the distribution of heroin. Not only is collusion an essential element of conspiracy, but was particularly at issue in this case in the light of the defense's argument that, because only a single appellant had normally received delivery from either Coleman or Morgan on any one occasion, the government had failed to prove the necessary concert of action between the defendants. Since the acts were closely related in time and character to the offense charged, United States v. Hayes, 5 Cir. 1971, 444 F.2d 472, 474, cert. denied, 404 U.S. 882, 92 S.Ct. 210, 30 L.Ed.2d 163, the testimony was properly admitted as proof of a plan or method of operation. See United States v. Alston, 5 Cir. 1972, 460 F.2d 48, 55, cert. denied, 409 U.S. 871, 93 S.Ct. 200, 34 L.Ed.2d 122.

Appellant Smith also makes two additional assignments of error, claiming that the trial judge unreasonably restricted her counsel's cross-examination into the immunity offered government witness Morgan in exchange for his testimony, and that the playing of a tape recording on which her voice appeared prejudiced her defense. The facts simply do not support these contentions. The express terms of the government's bargain with Morgan were revealed to the jury, see United States v. Cawley, 5 Cir. 1973, 481 F.2d 702, 706–707, and Smith's counsel engaged in a full and lengthy cross-examination of Morgan, including his motivations for testifying.[1] As to the tape recording,

---

1. Perhaps the trial court placed some limits on repetitive cross-examination during a

bench conference not made part of the record. In the absence of such a record, we

the record shows that it was introduced at the instance of Smith's co-defendants and contained nothing incriminating to her.[2] Moreover, since Smith did not object to the tape at trial, our role is limited to determining whether its admission rose to the level of plain error. F.R. Crim.P. 52(b); United States v. Valdivieso, 5 Cir. 1973, 486 F.2d 545, 547 cert. denied, 1974, 416 U.S. 971, 94 S.Ct. 1994, 40 L.Ed.2d 559. We find that it did not.

Affirmed.

decline to speculate on the trial court's ruling. See United States v. Dunham Concrete Products, Inc., 5 Cir. 1973, 475 F.2d 1241, 1251, cert. denied, 414 U.S. 832, 94 S.Ct. 65, 38 L.Ed.2d 66.

2. Insofar as it might be contended that the tape was prejudicial to Smith merely by showing her association with co-defendant Thomas, it must be remembered that, once a

conspiracy has been established, only slight evidence is required to connect a defendant with the conspiracy. United States v. Perez, 5 Cir. 1973, 489 F.2d 51, 72. This connecting evidence had been amply established by Morgan's testimony.