**UNITED STATES of America, Appellee,**

v.

**Paul Edward JOHNSON, Appellant.**

No. 75–1379.

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 14, 1975.

Decided Dec. 5, 1975.

Michael A. McDougal, Dallas, Tex., for appellant.

W. H. Dillahunty, U. S. Atty., Little Rock, Ark., for appellee.

Before CLARK, Associate Justice,* and LAY and ROSS, Circuit Judges.

PER CURIAM.

Paul Edward Johnson appeals his conviction of interstate transportation of a stolen vehicle in violation of 18 U.S.C. § 2312, and interstate transportation of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g). We affirm Johnson's conviction on both counts.

A substantial amount of evidence, both direct and circumstantial, was introduced at trial implicating defendant in the crimes charged. The evidence, with permissible inferences, showed that on May 21, 1974, Johnson stole a car in Dallas, Texas owned by a local corporation. He drove the stolen car to Memphis, Tennessee where, on May 30, 1974, he stole a .38 caliber revolver from Dick Sisler. He then drove to Little Rock, Arkansas where he pawned the gun. Defendant was subsequently arrested after returning to Dallas.

On this appeal Johnson urges error in the following respects: 1) refusal of the trial judge to grant defendant's motion for a continuance; and 2) insufficiency of the evidence with respect to both counts of the indictment.

I. *Continuance.*

■ Immediately before trial, Johnson's attorney moved for a continuance on the grounds that he had been afforded insufficient time to prepare for trial. The motion was denied. Johnson argues that denial of this request constitutes reversible error. We do not agree.

It is undisputed that defense counsel was aware of the federal charges against Johnson a full month before trial and was informed of the trial date approximately two weeks before trial. Johnson's attorney was certainly familiar with the facts of the case since he had represented the defendant in state proceedings arising out of the same series of events herein involved. The government fully cooperated with defense counsel, offering to make its case file available two weeks before trial as a matter of accommodation.

Furthermore, the motion was not made until the first day of trial. By that time the jury had been impaneled and many government witnesses had been subpoenaed. Thus when the motion was made, substantial judicial resources had been committed.

It is well settled that continuance is a matter resting within the discretion of the trial court. *United States v. Briddle,* 443 F.2d 443, 451 (8th Cir.), *cert. denied,* 404 U.S. 942, 92 S.Ct. 291, 30 L.Ed.2d 256 (1971). In view of the factors enumerated above, we refuse to disturb that discretion here.

II. *Sufficiency of the Evidence—Interstate Transportation of the Stolen Car.*

■ Johnson next argues that insufficient evidence was adduced at trial to support the jury verdict of guilty under Count I of the indictment. Count I charged defendant with interstate transportation of a stolen motor vehicle in violation of 18 U.S.C. § 2312. Under this section the government must prove the following elements beyond a reasonable doubt: 1) the vehicle was stolen; 2) the defendant had knowledge that it was stolen; and 3) the defendant transported the vehicle in interstate commerce. *United States v. King,* 425 F.2d 1163, 1164 (5th Cir. 1970).

* Associate Justice Tom C. Clark, United States Supreme Court, Retired, sitting by designation.

■ Viewing the evidence most favorable to the verdict, we are convinced that sufficient evidence was adduced at trial to sustain the guilty verdict under this count.

The government clearly established that the car was stolen and that Johnson knew it was stolen. The vehicle in question, a 1973 light green Chevrolet, was owned by LTV Corporation and assigned to Virgil Dan Burney, an executive with the corporation. Burney was last seen alive driving the vehicle on the night of May 21, 1974. The same vehicle turned up in the possession of defendant Johnson early the next day bearing the license plate of an automobile owned by the defendant's brother. Sergeant Rose, a Dallas police officer, stated at trial that Johnson admitted after his arrest that he changed the plate because he knew the car was "hot." The license plate bearing the number originally assigned to the stolen vehicle was later found in the back yard of Jessie Mae Parks, the girlfriend of defendant Johnson. The office key of Burney, the corporate executive, was also found at the residence of Ms. Parks. Furthermore, Johnson's version of the facts, that he borrowed the car from one Regina Goodner, proved false. Goodner testified at trial that she had never owned this or any other car and that she had never loaned Johnson any car.

The government also established that Johnson drove the vehicle across state lines. Johnson himself admitted to Sergeant Rose that he had gone to Memphis, Tennessee where he had stolen a gun belonging to a baseball player. He also admitted that he then drove to Little Rock, Arkansas where, with the help of another person, he pawned the gun. Several articles found in the vehicle after defendant's arrest indicated that he had traveled across state lines. Keys were found in the automobile from the motels where Johnson stayed in Memphis and Texarkana, Arkansas. The pawn ticket issued by the pawnbroker in Little Rock was also found in the automobile. Queen Elizabeth Sanders, a woman whom Johnson met in Memphis, testified that Johnson was driving a car in Memphis similar to that depicted by police photographs of the stolen car. Carnell Canada, the man who helped pawn the gun, also testified that the car shown in the photographs was similar to the car Johnson was driving in Little Rock.

### III. Sufficiency of the Evidence—Interstate Transportation of the Gun.

■ Johnson also argues that insufficient evidence was adduced at trial to support the jury verdict of guilty under Count II of the indictment. Count II charged defendant with interstate transportation of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g). Under this section the government must establish the following elements beyond a reasonable doubt: 1) defendant was a convicted felon; and 2) defendant transported a firearm in interstate commerce. We find that the government also met its burden in this regard.

Defendant does not dispute the fact that he was a convicted felon at all times pertinent to our discussion. He was previously convicted of robbery in Texas state court and served seven years in a Texas penitentiary.

Defendant Johnson extra-judicially admitted that he committed the second element of the offense—transporting a firearm in interstate commerce. Sergeant Rose testified that Johnson, after being taken into custody, admitted stealing the revolver from a baseball player at the Holiday Inn in Memphis. Defendant stated that he then drove to Little Rock, Arkansas where he pawned the gun with the help of a stranger.

This admission was corroborated by a great deal of circumstantial evidence. Dick Sisler, manager of a baseball team, owned the gun and identified it at trial. Sisler further testified that the gun was stolen from his room at the Holiday Inn on the night of May 30, 1974. Defendant Johnson was registered at the same motel at that time. Carnell Canada, the stranger who helped Johnson pawn the

gun in Little Rock, identified defendant at trial. He testified that he pawned the revolver at Johnson's request because Johnson could not present sufficient identification to the pawnbroker. The pawn ticket which was found in the stolen car was identified at trial by Marvin Itzkowitz, the owner of the Square Deal Pawn Shop, who bought the gun.

We find defendant's contentions concerning the sufficiency of the evidence frivolous as to both counts. Accordingly, the judgment of conviction is affirmed.