UNITED STATES of America, Appellee,

v.

**Hubert William BROWN, Appellant.**

No. 75–1863.

United States Court of Appeals, Eighth Circuit.

Submitted March 10, 1976.

Decided May 5, 1976.

---

Joseph P. Conran, St. Louis, Mo., for appellant.

David M. Rosen, Asst. U. S. Atty., Donald J. Stohr, U. S. Atty., St. Louis, Mo., for appellee.

Before LAY, ROSS and STEPHENSON, Circuit Judges.

ROSS, Circuit Judge.

Hubert Brown appeals his conviction on two counts of transporting, receiving and concealing a stolen motor vehicle in violation of 18 U.S.C. §§ 2312 and 2313. We affirm the convictions.

In the early morning hours of June 12, 1975, Brown was arrested by Trooper Charles Sisk of the Missouri Highway Patrol for driving while intoxicated. The arrest, the validity of which Brown does not contest, was made when defendant stopped to purchase some gasoline. Defendant tendered an Arkansas driver's license which stated that he was Jimmy Brown. The automobile, a 1968 Chevrolet, was bearing a temporary Florida license plate. The car was secured and left at the gas station. Brown was taken to the Butler County Jail several miles away.

Several hours after the arrest, Butler County Deputy James Kimbrow observed the defendant and realized that he was not Jimmy Brown, with whom Kimbrow was personally acquainted. After examining police photographs, Kimbrow determined that defendant was Hubert Brown. Sergeant Melvin Duckworth was informed of this development and Duckworth ordered Trooper Sisk to tow the automobile to a private garage near the state patrol station. At Sisk's request, the car was towed by an employee of the garage. No warrant was obtained authorizing the seizure.

Duckworth and Sisk went to the garage and, without securing a warrant, examined the automobile. Without entering the car they first looked through the window at the dashboard vehicle identification number (VIN) to determine the identity of the car. The number indicated that the car was a 1969 model. In fact the officers knew that the car was a 1968 model. They also noticed that the VIN plate was slightly askew on the dash. The officers then entered the car and discovered that the plate was attached by metal screws instead of the normal rivets. Sergeant Duckworth then checked the VIN stamped into the engine block and determined that the numbers were not the same. A check with the National Auto Theft Bureau revealed that the engine VIN corresponded with an automobile owned by a car dealership in Anna, Illinois. The manager of the dealership testified that the business owned the car and did not consent to its use by the defendant. The dashboard VIN belonged to a car owned by Alvin Freeman, operator of a garage and auto dealership in Corning, Arkansas. At defendant's direction, Freeman had repainted the 1968 Chevrolet which Brown was accused of stealing.

Defendant filed a motion to suppress certain statements made in custody shortly after his arrest. He also moved to suppress all fruits of the warrantless automobile sei-

zure and search. After a pretrial hearing, both motions were denied.

On this appeal defendant urges error in the following respects: 1) refusal to suppress the custodial statements; 2) refusal to suppress the fruits of the warrantless seizure and search; 3) refusal of the prosecution to disclose its list of witnesses prior to trial; 4) erroneous denial of defendant's pretrial motion to transfer the place of trial; and 5) insufficient evidence. We discuss these points seriatim.

### I. Miranda Waiver.

Brown first argues that the district court erred in failing to make an express finding on the record of voluntariness with respect to certain statements made by defendant during custodial interrogation. Defendant also argues that his Miranda waiver was involuntary because of diminished capacity (by reason of intoxication) at the time of interrogation. A pretrial hearing was held on this issue pursuant to the mandate of Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964). After the evidence was heard, the trial judge held that " * * * the statements made by defendant were made after the receipt of his Miranda Warning with full understanding of the same."

The district court failed to make an express finding in the record that Brown's custodial statements were given voluntarily. Accordingly, we ordered a limited remand, under Evans v. United States, 375 F.2d 355, 360 (8th Cir. 1967), to afford the court an opportunity to make the necessary findings nunc pro tunc. Pursuant to our mandate, the district court, after re-examining the transcript of the suppression hearing, has certified the following findings:

1) Defendant received his Miranda warnings;

2) Defendant knowingly and intelligently waived his privilege against self-incrimination;

3) Defendant voluntarily, knowingly, and intelligently waived his right to the presence of counsel, either retained or appointed, at the interrogation; and

4) Defendant's statements were freely and voluntarily made.

These findings clearly comply with our mandate.

■ The findings are fully supported by the record. Trooper Sisk and Sergeant Duckworth both testified that they admonished Brown of his Miranda rights before interrogation commenced. Both received assurances from Brown that he would voluntarily waive his rights. Although defendant had been drinking, he was sufficiently coherent to find his driver's license, lie about the license misidentification, and climb stairs.

■ Custodial statements are not per se involuntary because of intoxication. United States v. Harden, 480 F.2d 649, 651 (8th Cir. 1973). The standard is whether, by reason of intoxication or other factor, defendant's "will was overborne" or whether his statements were the "product of a rational intellect and a free will." Townsend v. Sain, 372 U.S. 293, 307, 83 S.Ct. 745, 754, 9 L.Ed.2d 770, 782 (1963). The district court's findings that Brown's custodial statements were voluntarily and intelligently made are clearly correct.

### II. The Warrantless Seizure and Search of the Car.

Defendant next argues that the warrantless seizure and subsequent search of the car violated his fourth amendment rights. The government argues that the seizure and search occurred when the officers noticed that the car's dashboard VIN mistakenly corresponded to a 1969 automobile. While we hold that the "seizure" occurred when the car was towed to the garage, we find that the seizure and subsequent search were reasonable under all the circumstances.

■ The car was towed to the garage at the direction of the police. At the time of the seizure, defendant alleged, and seemingly possessed, a legitimate property interest in the car. Towing the car was a substantial invasion of that possessory interest.

We think it plain that the towing thus constituted a "seizure" under the fourth amendment. *See Cardwell v. Lewis,* 417 U.S. 583, 592–596, 94 S.Ct. 2464, 2470–72, 41 L.Ed.2d 325, 335–38 (1974).

▮ When Deputy Kimbrow identified the defendant as Hubert Brown instead of Jimmy Brown, it became apparent that defendant had presented a false driver's license to Trooper Sisk. The defendant was questioned about this and proffered evasive answers concerning the car. He stated, for example, that he could not remember where he had bought the car. Furthermore, the car was bearing a temporary Florida license plate and was being driven by the defendant who was known to the officers as a local resident. Under these circumstances continued detention of the defendant was justified. The suspicious circumstances, as well as the continued detention of the defendant, together with the necessity of moving the car from the filling station, constituted legitimate grounds to impound the automobile and move it to the garage.

When the car reached the garage, the officers were justified in inspecting the VIN from outside the vehicle in order to identify it. *See United States v. Powers,* 439 F.2d 373, 375–376 (4th Cir.), *cert. denied,* 402 U.S. 1011, 91 S.Ct. 2198, 29 L.Ed.2d 434 (1971).[1] When the officers noticed that the dashboard VIN was askew, and that the number corresponded to a 1969 model instead of a 1968 model, a check of the other parts containing the vehicle identification number was justified. When the

numbers proved to be different, the officers had probable cause to believe that the car was stolen and to conduct a full search.

No warrant was required. Given the justified initial intrusion, there was no constitutional difference between an examination at the service station and the later search at the garage. *Texas v. White,* 423 U.S. 67, 96 S.Ct. 304, 46 L.Ed.2d 209, 44 U.S.L.W. 3327 (1975) (No. 75–124); *Chambers v. Maroney,* 399 U.S. 42, 52, 90 S.Ct. 1975, 1981–82, 26 L.Ed.2d 419, 428–29 (1970); *United States v. Harris,* 528 F.2d 1327, 1330 (8th Cir. 1975); *United States v. Collins,* 532 F.2d 79 (8th Cir., 1976). The circumstances surrounding the search here were no less exigent than in *White* and *Chambers.* The seizure and search were reasonable and the motion to suppress the fruits thereof was properly denied.[2]

### III. Compulsory Disclosure of Witnesses.

Before trial, defendant moved for an order to discover a list of the government's witnesses. The request was denied. Defense counsel objected to a local practice in the Eastern District of Missouri which required that copies of subpoena applications under Fed.R.Crim.P. 17(b) be sent to the government. The government was not required to serve defense counsel with copies of subpoenas directed to government witnesses. Defendant argues that the local practice effectively abrogates the *ex parte* provision of Fed.R.Crim.P. 17(b) and violates equal protection.

---

1. As stated by the Fourth Circuit:

 Since identification numbers are, at the least, quasi-public information, a search of that part of the car displaying the number is but a minimal invasion of a person's privacy. A police officer, therefore, should be freer to inspect the numbers without a warrant than he is to search a car for purely private property. Because of the car's mobility, he may have little opportunity to do so if he must first secure a warrant or have probable cause for a search or arrest.

 *United States v. Powers,* 439 F.2d 373, 375–376 (4th Cir.), *cert. denied,* 402 U.S. 1011, 91 S.Ct. 2198, 29 L.Ed.2d 434 (1971).

2. Defendant argues that *Coolidge v. New Hampshire,* 403 U.S. 443, 91 S.Ct. 2022, 29

L.Ed.2d 564 (1971) requires a different result. In *Coolidge,* the Supreme Court reversed a state conviction because a warrantless search of defendant's car, which uncovered highly incriminating evidence, was unreasonable. *Coolidge* is distinguishable in at least two respects: the circumstances of the seizure and the scope of the search. The Coolidge car was parked on defendant's private property. Here, the automobile was parked on commercial property and was readily accessible to outside intruders. Furthermore, the search of the Coolidge car was far more comprehensive than the search of the automobile in this case. *Cf. Cardwell v. Lewis, supra,* 417 U.S. at 593 & n.9, 94 S.Ct. at 2470–71, 41 L.Ed.2d at 336–37.

■ Since oral argument, we have been informed by the parties that the local practice has been abolished. We commend the court for this action because, in our view, the local practice was clearly contrary to Fed.R.Crim.P. 16 and 17(b). It required the sort of compulsory disclosure which Congress expressly disapproved in 1975.[3] Furthermore the rule unfairly discriminated against indigent defendants in at least two respects. It required disclosure of subpoenaed witnesses by an indigent defendant without requiring concomitant disclosure of the government's witnesses. It also discriminated against a defendant unable to pay since a defendant of means was not required to disclose his or her witnesses before trial.

■ In order to obtain a reversal of his conviction however, defendant is required to show that he was prejudiced by the rule. *United States v. Meriwether,* 486 F.2d 498, 506 (5th Cir. 1973) *cert. denied,* 417 U.S. 948, 94 S.Ct. 3074, 41 L.Ed.2d 668 (1974); *United States v. Sanders,* 322 F.Supp. 947, 953 (E.D.Pa.1971), *aff'd,* 459 F.2d 86 (3d Cir.), *cert. denied,* 409 U.S. 860, 93 S.Ct. 146, 34 L.Ed.2d 106 (1972). We find no prejudice.

■ Brown was not, of course, entitled to production of the government's witnesses before trial. No rule of law requires this. Congress has recently considered and rejected the rule. See note 3, *supra.*

■ Defendant has not alleged nor shown any witness which would have been subpoenaed, except for one unsupported allegation in his brief.[4] More important, defendant has not alleged, nor shown, any evidence which would have been presented at trial but for the operation of the former local practice.

The evidence of defendant's guilt was strong. He was arrested in unexplained possession of a stolen automobile. He tendered false identification to police and made several inconsistent custodial statements. Under these circumstances, defendant Brown was not prejudiced by the pretrial disclosure of his witnesses.

## IV. Transfer.

Before trial, defendant filed a motion to transfer the place of trial from St. Louis to Cape Girardeau, Missouri. The motion was denied. Defendant assigns this denial as prejudicial error arguing that only the trial judge benefited from holding trial in St. Louis.

■ Fed.R.Crim.P. 18 vests discretion in the district court to determine the place of trial " * * * with due regard to the convenience of the defendant and the witnesses." As the advisory committee note points out, there is no constitutional right to trial within a division so long as the case is tried within the district wherein the crime was committed. *United States v. Anderson,* 328 U.S. 699, 704–705, 66 S.Ct. 1213, 1216–17, 90 L.Ed. 1529, 1532–33 (1946). In 1966, Rule 18 was amended to eliminate the statutory requirement that a criminal case be tried in the division in which the offense was committed.

■ Defense counsel, a St. Louis lawyer, has shown no prejudice flowing from denial of the motion to transfer. No allegation has been made that any witness was unavailable because the case was tried in St. Louis. The record indicates that the trial judge denied the motion because of

---

3. In 1975, Congress considered and rejected a proposed amendment of Fed.R.Crim.P. 16 requiring compulsory disclosure of witnesses. The amendment was defeated because Congress feared that such disclosure would encourage improper attempts to influence witnesses before trial. On the floor of the Senate, Senator McClellan stated that the congressional decision should be taken as clear disapproval of local rules requiring discovery of witnesses. For a discussion of this problem and the legislative history of the defeated amendment, see 8 J. Moore, Federal Practice ¶ 1601[4][e], at 16–37–38 (2d ed. 1975).

4. Defense counsel states simply that he " *. * did not subpoena at least one possible witness for fear of disclosing his trial strategy to the government." No allegation is made as to what exculpatory evidence would have been produced by this witness.

speedy trial problems. The defendant had been incarcerated several months when the transfer was requested and the trial judge had some reason to believe that the case would receive speedier disposition in St. Louis.

The offense was committed in the Eastern District of Missouri and the case was tried there. We find no abuse of discretion in denying defendant's motion to transfer.

*V. Sufficiency of the Evidence.*

Defendant Brown challenges the sufficiency of the evidence. We have reviewed the record and, viewing the evidence most favorable to the verdict as we must, *United States v. Frol,* 518 F.2d 1134, 1137 (8th Cir. 1975), find that the government presented sufficient evidence to support the verdict on both counts.

 The defendant was arrested in Missouri while possessing an automobile recently stolen in Illinois. We have repeatedly held that possession in one state of property recently stolen in another state, if not satisfactorily explained, is a circumstance from which a jury may infer that the person knew the property to be stolen and caused it to be transported in interstate commerce. *United States v. Harris, supra,* 528 F.2d at 1331.

 The additional element required by § 2313 in the second count, that the defendant received, concealed, stored, bartered, sold or disposed of the motor vehicle, was also established by the evidence. Viewing the evidence most favorable to the verdict, the government established that defendant *concealed* the automobile by causing it to be repainted and by changing the dashboard VIN.

The judgment of conviction is affirmed.