**AMERICAN SAMOA GOVERNMENT, Plaintiff,**

**v.**

**KAPENETA LEFEILOA`I, Defendants.**

High Court of American Samoa
Trial Division

CR No. 44-05

October 27, 2005

Before RICHMOND, Associate Justice; MAMEA, Associate Judge; and
SAOLE, Associate Judge.

Counsel: For Plaintiff, Frederic O'Brien, Assistant Attorney General
        For Defendant, Andrew Stave, Assistant Public Defender

ORDER DENYING MOTION TO SUPPRESS

### Introduction

On May 14, 2005, at approximately 11:00 p.m., Kapeneta Lefeiloa`i
("Defendant") allegedly assaulted Fei`i Ne`emia outside the SM Mart in
Tafuna. Although Ne`emia appeared to have sustained only minor facial
lacerations and a broken nose in the altercation, he died less than two
hours later.

After the assault, Defendant fled the scene. Approximately five hours later, the police apprehended Defendant at his home, charged him with disturbing the peace, and at around 4:45 a.m., transported him to the Tafuna Substation for questioning. At approximately 5:00 a.m., Defendant signed a written document acknowledging and waiving his *Miranda* rights. Fifteen minutes later, Defendant signed a written confession, admitting that he had been involved in a verbal confrontation with Mr. Ne'emia. Defendant further admitted that he initiated a physical altercation, punching Ne'emia several times in the face and throwing an empty propane tank at Ne'emia's chest before fleeing the scene. Based on these admissions, the American Samoa Government charged Defendant with second degree murder.

On August 22, 2005, Defendant brought the present motion seeking to suppress his *Miranda* waiver and subsequent admissions, arguing that both were products of intoxication and not of his free will. On September 27, 2005, the Court heard the motion. Having considered the evidence and applicable legal standards, we hold that Defendant's waiver and subsequent written statement were knowingly and voluntarily made. Accordingly, Defendant's motion to suppress is denied.

## Discussion

Defendant's current motion asks us to use his alleged intoxication as grounds to suppress the written waiver of his *Miranda* rights and his subsequent admissions. As such, his motion raises two separate inquiries: 1) whether the *Miranda* waiver was voluntary given the defendant's alleged intoxication; and 2) whether the subsequent statement was voluntary given the defendant's alleged intoxication. Both issues are addressed in turn.

### I. Was the *Miranda* Waiver Voluntary?

To be valid, a *Miranda* waiver must be both: 1) voluntary and 2) knowing and intelligent. *Colorado v. Spring*, 479 U.S. 564, 573 (1987). A waiver is voluntary if it is "the product of a rational intellect and a free will," whether or not it is alcohol-induced. *Medeiros v. Shimoda*, 889 F.2d 819, 823 (9th Cir. 1989) (citations and quotations omitted), *cert. denied*, 496 U.S. 938 (1990). In other words, absent evidence that the defendant's "will was overcome and his capacity for self-determination critically impaired because of [alcohol], his waiver of his Fifth Amendment privilege [is] voluntary under . . . *Miranda*." *Spring*, 479 U.S. at 574 (internal quotations omitted). In addition, a waiver is considered "knowing and intelligent" if it is "made with a full awareness both of the nature of the right being abandoned and the consequences of

the decision to abandon it." *Collazo v. Estelle*, 940 F.2d 411, 415 (9th Cir. 1991).

■ Generally, evidence that the defendant was even marginally coherent at the time of the waiver will satisfy the above tests. For example, in *Lambert*, a defendant's waiver was found to be voluntarily and intelligently made when, despite a .25 blood alcohol level, testimony established that the defendant: 1) understood and cooperated with instructions, 2) had no difficulty communicating with police, and 3) showed no overt outward signs of intoxication, such as slurred speech or impaired motor functions. *Lambert v. Maass*, 1994 WL 595175 (9th Cir. 1994). Similarly, in *United States v. Brown*, 535 F.2d 424, 427 (8th Cir. 1976), a *Miranda* waiver was found to be voluntarily made where, although the defendant was intoxicated, evidence indicated he was able to: 1) find his driver's license, 2) concoct a lie about who owned the vehicle he was driving, and 3) negotiate a flight of stairs without stumbling. *Id.*

Based on the above authority, we hold that Defendant's waiver was a free and intelligent choice, substantially untainted by his intoxication. Like the defendants in both *Lambert* and *Brown,* the evidence here indicates that Defendant here understood and cooperated with instructions, and had no apparent difficulty communicating with the police. Similarly, Defendant's admissions, written in his own hand just minutes after waiving his *Miranda* rights, is not only perfectly legible, but is also logically coherent. These facts indicate that while Defendant may have been intoxicated at the time he waived his *Miranda* rights, his capacity for "self determination [was not] critically impaired because of [the alcohol]." *Spring*, 479 U.S. at 574. Accordingly, we hold that Defendant's *Miranda* waiver was both voluntary and knowingly made.

## II. Validity of Defendant's Admissions

■ Admissions are not considered involuntary (and therefore inadmissible) simply because the defendant was intoxicated. *See e.g. Brown*, 535 F.2d at 427. Rather, the defendant's intoxication generally goes to the weight and credibility of the admissions. *Townsend v. Sain*, 372 U.S. 293 (1963). As with whether Defendant's alleged intoxication compromised his *Miranda* waiver, the test for admissions or confessions is whether an individual's will was overborne by the intoxication such that his statements were not "the product of a rational intellect and free will." *Id.* at 307.

Applying this test, courts have upheld confessions where, although intoxicated, the defendant was able to talk coherently and made legible, intelligible written statements. *Boggs v. Bair*, 892 F.2d 1193, 1199-1200

(4th Cir. 1989). Similarly, an intoxicated defendant's confession was deemed voluntary even where at the time of making the statements: 1) the defendant's blood alcohol level was .26; 2) he was in the hospital with a large laceration to his forehead; and 3) his treating doctor told officers that the defendant "was [not] altogether" and was "groggy [and] almost lethargic." *Palmer v. State*, 401 So.2d 266, 267 (Ala. App. 1981), *cert. denied, Palmer v. Alabama*, 455 U.S. 922 (1982). These facts aside, the court held there was nothing to indicate that the level of intoxication overbore the defendant's freewill. *Id.*

■ As *Boggs* and *Palmer* illustrate, confessions and admissions are generally admissible as long as the defendant was not so intoxicated that the statement is rendered completely unreliable. Here, there is ample evidence that despite his alleged intoxication, Defendant's statement is reliable. First and foremost, the statement is written in his own hand, and is unmistakably legible and coherently written. This fact alone creates a strong inference that the statement was voluntary. *Boggs*, 892 F.2d at 1199-1200. Moreover, the evidence indicates that although Defendant smelled of alcohol, he was lucid and cooperative with the police. These facts more than establish that the statement was voluntary and that Defendant's freewill was not "overbore" by the alcohol. *Palmer*, 401 So.2d at 267.

### Order

Because Defendant's *Miranda* waiver and subsequent statement were voluntarily and knowingly made, they are valid and admissible. Accordingly, Defendant's motion to suppress is denied. It is so ordered.